DEVIN WEISBERG (SBN 230517)
WEISBERG LAW GROUP
700 S Flower St., Suite 1000,
Los Angeles, CA 90017-4112
Telephone: (213) 385-0022
Facsimile: (213) 385-0033
Email: devinweisberg@gmail.com

*Attorney for Plaintiffs,*
*Chris Lee and Catherine Navarro Lee*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LEE, an individual, and CATHERINE NAVARRO LEE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KAIZEN CAPITAL LLC, a California limited liability company; VIREO KINTSU LLC, a Delaware limited liability company; NAN LIN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:25-cv-09851<br><br>**COMPLAINT FOR DAMAGES, RESCISSION, AND DECLARATORY RELIEF:**<br>1) **Violation of Securities Act of 1933, § 5**<br>2) **Violation of Securities Exchange Act of 1934, Rule 10b-5**<br>3) **Violation of California Corp. Code §§ 25110, 25401, 25501**<br>4) **Common Law Fraud**<br>5) **Conversion**<br>6) **Breach of Fiduciary Duty**<br>7) **Unjust Enrichment**<br>8) **Rescission and Restitution**<br>9) **Declaratory Relief**<br>10) **Breach of Contract**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**COME NOW** Plaintiffs CHRIS LEE and CATHERINE NAVARRO LEE, individually; and show this honorable court the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §§ 77v, 78aa based on federal securities law violations.
2. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for the state law claims.
3. Venue lies in this District under 28 U.S.C. § 1391 because a substantial part of the events occurred here and Defendants reside and conduct business here.

## II. PARTIES

4. Plaintiffs Chris Lee and Cat Navarro Lee reside in Los Angeles County, California.
5. Defendant Kaizen Capital LLC is a California limited liability company with its principal place of business in San Francisco, California.
6. Defendant Vireo Kintsu LLC is a Delaware LLC formed and controlled by Nan Lin.
7. Defendant Nan Lin is the managing member of both Kaizen Capital and Vireo Kintsu. Plaintiffs allege that Nan Lin is the alter ego of both entities based on disregard of corporate formalities, commingling of funds, and inequitable conduct.
8. Plaintiffs sue DOES 1–20 under fictitious names and will amend this Complaint upon discovering their true identities.

## III. FACTUAL ALLEGATIONS

9. Between 2022 and 2025, Plaintiffs Chris Lee and Cat Navarro Lee entrusted a total of $500,000.10 to Defendants through a combination of debt notes, interest-bearing “savings” accounts, and proposed equity investments in

Vireo Kintsu LLC.

10. Of this amount, $340,000 was held in interest-accruing notes that were not tied to any specific real estate project but marketed by Nan Lin as “savings” accounts offering significantly higher returns than FDIC-insured bank accounts. These notes were issued and managed solely by Kaizen Capital LLC and its principal, Nan Lin.

11. An additional $155,114 was invested into two specific real estate joint ventures, known as the 49th Ave and Cambridge projects. These projects had matured by early 2025, yet the principal was not returned to Plaintiffs.

12. In March 2025, Nan Lin solicited a new investment from Plaintiffs in a Delaware LLC named Vireo Kintsu. The proposal was to roll the $155,114 from the matured projects and $50,000 from the existing note into a $200,000 equity position in Vireo Kintsu. To complete this proposed transaction, Plaintiffs wired an additional $4,886.10 on the understanding that it would be applied to a new $10,000 note at 10% interest.

13. Plaintiffs ultimately declined to sign the Vireo Kintsu subscription agreement and clearly stated in writing that they did not meet the SEC’s definition of accredited investors and would not proceed with the investment.

14. Despite this, Defendants retained the entirety of Plaintiffs’ funds, claimed that verbal exchanges constituted consent to the new investment structure, and failed to return any of the money. No subscription agreements, operating agreements, or executed contracts support Defendants’ retention of funds post-withdrawal.

## IV. CAUSES OF ACTION

**First Cause of Action**

**Violation of Securities Act of 1933, § 5**

(Against All Defendants)

16. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.
17. Defendants offered and sold securities—including promissory notes, pooled "savings" accounts, and interests in Vireo Kintsu LLC—to Plaintiffs without registering such offerings with the Securities and Exchange Commission, in violation of 15 U.S.C. § 77e.
18. No valid exemption applies. Plaintiffs were not accredited investors, and no Form D was filed for the Vireo Kintsu offering. Defendants failed to provide mandatory disclosures and sold the securities to multiple investors, potentially exceeding the Rule 506(b) limit of 35 non-accredited investors.
19. Plaintiffs did not receive a prospectus or other disclosure documents before the offering. Defendants failed to inform Plaintiffs of the lack of SEC oversight or the risks inherent in unregistered securities.
20. Plaintiffs seek rescission and restitution under 15 U.S.C. § 77l(a)(1) and § 77o, as well as any other equitable relief the Court deems proper.

**Second Cause of Action**

**Violation of Securities Exchange Act of 1934, Rule 10b-5**

(Against All Defendants)

21. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, inclusive, above, as if set forth in full herein.
22. Defendants made materially false statements and omissions in connection



WEISBERG LAW GROUP
ATTORNEYS AT LAW
LOS ANGELES

with the offer and sale of securities, in violation of 17 C.F.R. § 240.10b-5.

23. Specifically, Nan Lin represented that Plaintiffs' funds would be held safely, earn fixed interest, and be fully refundable upon request. He failed to disclose that no registration had been made, that Plaintiffs were ineligible to invest in Vireo Kintsu, and that there were no safeguards for their capital.

24. These representations were made in emails and verbal conversations throughout early 2025 and were materially false at the time made. Defendants knew Plaintiffs had not signed any binding agreements and were not accredited, yet retained the funds.

25. Plaintiffs relied on these misrepresentations to their detriment, resulting in the loss of $500,000.10. Plaintiffs seek damages, rescission, and any appropriate equitable relief under 15 U.S.C. § 78j(b).

**Third Cause of Action**

**Violation of California Corp. Code §§ 25110, 25401, 25501**

(Against All Defendants)

26. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, inclusive, above, as if set forth in full herein.

27. Defendants sold unqualified, non-exempt securities in California without complying with qualification and notice provisions required by the California Corporations Code.

28. Defendants also made untrue statements of material fact and omitted material facts necessary to make their statements not misleading. These included falsely representing that Plaintiffs were accredited and that their funds were secure and refundable.

29. As a result, Plaintiffs are entitled to rescission, restitution, and attorney's fees under Cal. Corp. Code §§ 25501 and 25504.



WEISBERG LAW GROUP
ATTORNEYS AT LAW
LOS ANGELES

**Fourth Cause of Action**

**Common Law Fraud**

(Against All Defendants)

30. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29, inclusive, above, as if set forth in full herein.

31. Defendants falsely represented that Plaintiffs' funds were safe, would be used solely for specific projects or notes, and would be returned upon request. These statements were knowingly false or made with reckless disregard for the truth.

32. On March 21, 2025, Nan Lin sent a summary email to Plaintiff Chris Lee purporting to describe the roll-in of funds to Vireo Kintsu. Plaintiff responded informally with "Let's do it bro," which Defendants now assert as final consent, despite the absence of executed documents.

33. Plaintiffs relied on these falsehoods when transferring funds and declining to redeem their matured investments, suffering economic injury. Defendants' conduct justifies compensatory and punitive damages.

34. Defendants' conduct as alleged herein was fraudulent, malicious, and oppressive, entitling Plaintiffs to punitive and exemplary damages pursuant to Civil Code § 3294. Defendants made intentional misrepresentations with the purpose of inducing Plaintiffs to invest substantial sums of money and then knowingly withheld repayment, all in conscious disregard of Plaintiffs' rights.



WEISBERG LAW GROUP
ATTORNEYS AT LAW
LOS ANGELES

**Fifth Cause of Action**

**Conversion**

(Against All Defendants)

35. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as if set forth in full herein.

36. Plaintiffs had a right to possession of the $500,000.10 they transferred to Defendants, which included principal from matured investments, funds held in “savings” notes, and additional wired money.

37. Plaintiffs demanded return of those funds after formally withdrawing from the Vireo Kintsu transaction and declining to sign any related documents. Defendants have refused to return the funds.

38. Defendants’ continued control over Plaintiffs’ money is wrongful and unauthorized, constituting conversion. Plaintiffs are entitled to the immediate return of the converted funds, plus interest.

39. Defendants’ conduct as alleged herein was fraudulent, malicious, and oppressive, entitling Plaintiffs to punitive and exemplary damages pursuant to Civil Code § 3294. Defendants made intentional misrepresentations with the purpose of inducing Plaintiffs to invest substantial sums of money and then knowingly withheld repayment, all in conscious disregard of Plaintiffs’ rights.

**Sixth Cause of Action**

**Breach of Fiduciary Duty**

(Against Defendant Nan Lin)

40. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41. Defendant Nan Lin acted as a financial advisor, investment promoter, and

fiduciary by soliciting, receiving, and managing Plaintiffs' funds. Plaintiffs reposed trust and confidence in Lin, who exercised discretion over their money.

42. Lin breached his fiduciary duty by retaining funds without authorization, making misleading statements about investment safety, failing to disclose the legal risks of unregistered offerings, and using funds without consent.

43. As a result, Plaintiffs suffered financial losses and seek compensatory damages, punitive damages, and disgorgement of profits wrongfully retained by Lin.

44. Defendants' conduct as alleged herein was fraudulent, malicious, and oppressive, entitling Plaintiffs to punitive and exemplary damages pursuant to Civil Code § 3294. Defendants made intentional misrepresentations with the purpose of inducing Plaintiffs to invest substantial sums of money and then knowingly withheld repayment, all in conscious disregard of Plaintiffs' rights.

**Seventh Cause of Action**

**Unjust Enrichment**

(Against All Defendants)

45. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46. Defendants received a benefit in the form of $500,000.10 of Plaintiffs' funds, under circumstances in which it would be unjust for them to retain those funds without returning them.

47. Defendants' retention of the funds occurred after Plaintiffs withdrew from the proposed Vireo Kintsu investment and requested a return of their money.

48. Plaintiffs are entitled to restitution in the amount of $500,000.10, plus any profits Defendants derived from use of their capital.



WEISBERG LAW GROUP
ATTORNEYS AT LAW
LOS ANGELES

## Eighth Cause of Action

## Rescission and Restitution

(Against All Defendants)

49. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. Plaintiffs are entitled to rescind any actual or alleged investment agreements based on fraud, misrepresentation, lack of consent, and violations of state and federal securities laws.

51. No contract was fully executed regarding Vireo Kintsu, and any partial agreement was based on material misrepresentations and unlawful conduct.

52. Plaintiffs therefore seek rescission of any such agreements and restitution of their full investment capital.

## Ninth Cause of Action

## Declaratory Relief

(Against All Defendants)

53. Plaintiff hereby alleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54. An actual controversy exists between Plaintiffs and Defendants regarding whether any binding investment agreement was formed and whether Defendants are entitled to retain Plaintiffs' funds.

55. Plaintiffs request a judicial declaration that no binding agreement exists between Plaintiffs and Vireo Kintsu LLC and that Defendants are obligated to return all funds received.

## Tenth Cause of Action

## (Breach of Contract – Against Defendant Kaizen Capital LLC)

56. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 55 as though fully set forth herein.

57. On various dates between 2022 and 2025, Plaintiffs and Defendant Kaizen Capital LLC entered into written agreements, including but not limited to Note No. 250401 and other investment notes and related understandings (collectively, the "Notes"). Under the terms of those contracts, Plaintiffs deposited funds with Kaizen Capital in exchange for a fixed rate of return and a contractual obligation that their principal would be returned upon maturity or upon proper redemption request.

58. The total principal amount owed under these agreements is approximately $500,000.10, representing (a) $340,000 in active Notes, (b) $155,114 from the matured 49th Avenue/Cambridge investment, and (c) $4,886.10 associated with the proposed Vireo Kintsu allocation.

59. Plaintiffs fully performed all obligations required of them under the contracts, including providing the agreed-upon funds and complying with all redemption and maturity requirements, or were excused from doing so by Defendants' prior breach and conduct.

60. Defendant Kaizen Capital LLC breached the contracts by, among other things:

(a) failing to repay the principal and accrued interest on the Notes upon maturity;

(b) failing to return the proceeds from the completed 49th Avenue/Cambridge investment; and

(c) retaining Plaintiffs' funds despite repeated written demands for repayment.

61. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages in an amount to be proven at trial, but not less than $500,000.10, plus prejudgment interest pursuant to Cal. Civ. Code § 3287(a) and/or the contractual interest rate, whichever is greater.

62. Plaintiffs are also entitled to recover all other relief permitted by law or equity, including reasonable attorney's fees and costs to the extent provided by the contracts or applicable statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For rescission and restitution in the amount of $500,000.10;
2. For compensatory and consequential damages according to proof;
3. For punitive damages where applicable;
4. For disgorgement of unlawfully obtained funds;
5. For declaratory relief as set forth above;
6. For interest at the legal rate;
7. For prejudgment interest.
8. For attorney's fees and costs as provided by law;
9. For such other relief as the Court deems just and proper.

DATED: October 14, 2025

**WEISBERG LAW GROUP**

By: /S/DEVIN WEISBERG
Devin Weisberg
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED: October 14, 2025

**WEISBERG LAW GROUP**

By: /S/DEVIN WEISBERG
Devin Weisberg
Attorney for Plaintiffs